UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

MAURICE THIBODEAUX                              CIVIL ACTION NO. 06-1713

VERSUS                                          JUDGE MELANÇON

GLOBAL SANTA FE
DRILLING COMPANY                                MAGISTRATE JUDGE METHVIN

**ORDER**

Before the Court are Maurice Thibodeaux's ("plaintiff" or "Thibodeaux") Motion for Summary Judgment and Memorandum in Support thereof [Rec. Doc. 17] and Global Santa Fe Drilling Company's ("defendant" or "Global") Memorandum in Opposition [Rec. Doc. 26]. A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When, as here, a party seeking summary judgment bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if such evidence were uncontroverted at trial. *Celotex*, 477 U.S. at 324. If the moving party fails to carry this burden, his motion must be denied.

Plaintiff's Motion [Rec. Doc. 17] is premised **entirely** on his own unsupported and unsubstantiated affidavit. No other evidence is presented to the Court in

support of the motion. "Conclusory allegations and unsubstantiated assertions [ . . . ] are not competent summary judgment evidence." *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006) (*citing Freeman v. Tx. Dept. of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004)). As such, plaintiff failed to carry his burden of proving that no genuine issue of material fact exists.

Had plaintiff carried this initial burden, however, in its Opposition [Rec. Doc. 26], Santa Fe cites several affidavits and depositions, including the deposition of the plaintiff, which contradict the statements contained in plaintiff's affidavit. This evidence further demonstrates that material issues of fact remain unresolved in this case.

Given the paucity of evidence in favor of summary judgment and the clear showing that genuine issues of material fact remain, summary judgment in favor of the plaintiff would be inappropriate. Accordingly, it is

**ORDERED** that plaintiff's Motion [Rec. Doc. 17] is **DENIED**.

**THUS DONE AND SIGNED** this 19th day of March, 2008 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE